In the Matter of the Presentment by the GRAND JURY FOR THE
EXTRAORDINARY SPECIAL AND TRIAL TERM OF THE SUPREME
COURT, KINGS COUNTY, and the Members Thereof as Such Grand
Jurors and as Individuals and Taxpayers of the City of New York,
County of Kings, of Charges of Alleged Professional Misconduct,
Fraud, Deceit, Crime and Misdemeanor, and Conduct Prejudicial
to the Administration of Justice, against ALEXANDER R. BALDWIN
(Admitted under the Name of ALEXANDER RAE BALDWIN), an
Attorney and Counselor at Law, Respondent.

Second Department, February 26, 1940.

*Walter Bruchhausen* and *Charles J. Buchner* [*Charles Goodwin*
with them on the brief], for the motion.

*Walter P. Kuhn* [*Alexander R. Baldwin* with him on the brief],
in opposition.

PER CURIAM.   Upon the petition of Samuel J. Kane, foreman of
the grand jury for the Extraordinary Special and Trial Term of
the Supreme Court of Kings county, and individually and as a
taxpayer of the city of New York and county of Kings, and the
answer of respondent thereto, this court made an order referring the
charges contained in the petition to Honorable Isaac M. Kapper,
official referee, to hear and report with his opinion.  The matter

is now presented on a motion to confirm the report of the official referee recommending that the admission of respondent to the practice of the law be revoked.

The court finds respondent, who was admitted to the bar by this court at the November, 1926, term, guilty of willful misrepresentation and suppression of information in connection with his application for admission to practice (Judiciary Law, § 88, subd. 2), by reason of the fact that in respondent's statement to the committee on character and fitness of this court, required by rule 1 of the Rules of Civil Practice on applications for admission as attorneys, resworn to September 20, 1926, respondent willfully falsely swore that he was connected, employed or studied in the law office of " William J. Fallon, 299 Bway., N. Y. C., June 1st, 1924, to present date," and that he served a continuous year of clerkship or law study, as required by rule III of the Rules of the Court of Appeals for the Admission of Attorneys and Counsellors-at-Law (*i. e.*, a regular clerkship with an attorney in regular practice), with said William J. Fallon at 299 Broadway, New York city, from June 10, 1924, to June 10, 1925, and was still employed by said attorney on September 20, 1926, when, in truth and in fact, said Fallon did not have a law office at said place or any other place for regular practice, and respondent did not serve as a law clerk in said place or with said William J. Fallon in regular practice. It thus appears that, in addition to willful misrepresentation and suppression of required information, respondent was not eligible for admission to the bar and was an intruder, for he had not served a clerkship as required by the said rule of the Court of Appeals.

The court also finds that there was further willful misrepresentation and suppression of information in connection with said application in that respondent willfully falsely swore that he had never been arrested when, in truth and in fact, he had been arrested by a policeman in connection with the use of an automobile without the consent of the owner, had been fingerprinted, arraigned in a Magistrates' Court, and was discharged because the owner had refused to file a complaint.

That respondent's weakness for false swearing has continued is indicated by his testimony on his trial for bribery, held July 17 to August 25, 1939, before the Extraordinary Term of the Supreme Court, where he testified (a) that he had not been discharged as a closing attorney from the Home Owners' Loan Corporation when, in fact, for some shortcoming, titles which had been referred to him were withdrawn and he received no more retainers which, in effect, was a discharge or dismissal; (b) that he had never been arrested; and (c) that he had served a law clerkship with William J. Fallon, an attorney at law.

It also appears that this was not the only fault of respondent, for on the said bribery trial he attempted to foist upon the court a copy of a letter with lead pencil notations, when the original contained no such notations, and attempted thereby to mislead a witness as to a material matter at issue.

In the sworn statement to the committee on character and fitness, respondent made other false answers with respect to his age and residences; but, as they are not of serious importance, no further mention will be made thereof. Respondent also swore falsely as to the schools which he attended and employment in which he was engaged, but such false swearing is not a part of the charges.

In view of the searching and comprehensive exposition of the facts by the learned official referee, further comment is unnecessary.

The motion to confirm the report of the official referee should be granted and the admission to the bar of the respondent should be revoked.

In view of the foregoing, the charges of misconduct, while acting as an attorney, are dismissed.

Present — LAZANSKY, P. J., CARSWELL, JOHNSTON, ADEL and CLOSE, JJ.

Motion to confirm report of official referee granted, the admission to the bar of the respondent revoked and his name ordered to be struck from the roll of attorneys.

The charges of misconduct while acting as an attorney are dismissed.